# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

ROBERT NELSON HOWELL,
a/k/a ROBERT NELSON
HOWELL EL,

      **Plaintiff,**

v.            **Case 2:12-cv-03036-SHM-cgc**

BUD DAVIS CADILLAC, INC.,

      **Defendant.**

---

## REPORT AND RECOMMENDATION ON PLAINTIFF'S "MOTION TO AMENDED THE RECORD FOR THE DEFENDANT ROBERT NELSON HOWELL JR©," DEFENDANT'S MOTION FOR A MORE DEFINITE STATEMENT, DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS OR IN THE ALTERNATIVE TO EFFECTUATE A PRIOR ORDER, AND PLAINTIFF'S "MOTION TO DISMISSED THE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS, AND ORDER A JUDGMENT AGAINST DEFENDANT BUD DAVIS CADILLAC TO RETURN BACK TO THE PLAINTIFF ORIGINAL BILL OF EXCHANGE IN THE AMOUNT OF 77,762.86"

---

Before the Court are the following motions: Plaintiff's "Motion to Amended the Record for the Defendant Robert Nelson Howell, Jr.©" ("Amended Complaint") (Docket Entry "D.E." #23); Defendant's Motion for a More Definite Statement (D.E. #24); Defendant's Motion for Judgment on the Pleadings or in the Alternative to Effectuate a Prior Order (D.E. #26); and, Plaintiff's "Motion to Dismissed the Defendant's Motion for Judgment on the Pleadings, and Order a Judgment Against Defendant Bud Davis Cadillac to Return to the Plaintiff Original Bill of Exchange in the Amount of 77,762.86" ("Plaintiff's Motion to Dismiss") (D.E. #27). All pretrial matters within the Magistrate Judge's jurisdiction have been referred pursuant to 28 U.S.C. § 636(b)(1)(A) for

determination, and all other pretrial matters have been referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). (D.E. #28). For the reasons set forth herein, it is recommended that Plaintiff's Amended Complaint be DISMISSED WITH PREJUDICE and that the remaining motions be DENIED as MOOT.

## I. Introduction

On November 30, 2012, Plaintiff filed a pro se Complaint against Defendants Bud Davis Cadillac and Robert Nelson Howell, Jr. ("Defendant Howell") regarding a dispute over a "Purchase Agreement/ Bill of Exchange." (D.E. #1). On February 1, 2013, Plaintiff was granted leave to proceed in forma pauperis. (D.E. #5). On June 17, 2013, the District Court ordered service of process upon the corporate defendant and ordered Plaintiff to provide "the last known address, telephone number, and email address of Defendant Howell" within thirty days of the entry of the order. (D.E. #8). The District Court advised that failure to timely provide Defendant Howell's contact information will result in dismissal of his action against Defendant Howell without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (D.E. #8).

On July 10, 2013, Plaintiff filed a document with the Court stating that Defendant Howell's address is "C/O Post Office Box 9000," Forrest City, Arkansas, 72336, "suite 130 Lower." (D.E. #12). Plaintiff provided a telephone number listed as the "Secretary Office for the Debtor" of 870-630.6000 and an email of forrestcity@gmail.com. (D.E. #12). On October 9, 2013, the District Court entered a second order noting that the address Plaintiff provided for Defendant Howell was the same as his own address and concluding that this response was "inadequate." (D.E. #19). The District Court stated as follows: "If Robert Nelson Howell, Jr. is another name used by Plaintiff, Plaintiff's claims against Defendant Howell are subject to dismissal on the ground that a party

cannot sue himself.  If Plaintiff is the father or guardian of Robert Nelson Howell, Jr., he must provide a separate address for him so that he can be notified of the suit and served with process." Plaintiff was ordered to file a statement, signed under penalty of perjury, within thirty days of the October 9, 2013 Order "stating his relationship to Robert Nelson Howell, Jr." and, if this is not an alias for Plaintiff, to provide Defendant Howell's last known address, telephone number, and email address.  Plaintiff was again warned that failure to comply would result in dismissal of the claim against Defendant Howell without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

On December 5, 2013, the District Court entered an Order Dismissing Complaint Against Robert Nelson Howell, Jr., Order Granting the Motion to Dismiss Filed by Defendant Bud Davis Cadillac, and Order Granting Leave to Amend.  (D.E. #22).  The District Court granted Bud Davis Cadillac's Motion to Dismiss without prejudice to file an amended complaint within thirty days of the entry of the order that cures the deficiencies in the original complaint.  The District Court also dismissed the Complaint against Howell, Jr. pursuant to Rule 41(b) of the Federal Rules of Civil Procedure but permitted him to reinstate his claim against Howell, Jr. "by naming him as a party in an amended complaint, stating his relationship to Howell, Jr., and providing an address at which he can be served."  The District Court cautioned that, if "Plaintiff fails to file an amended complaint that names Howell, Jr. and properly identifies him, Plaintiff's claims against Howell, Jr. will be dismissed with prejudice."[1]

---

[1] For reason set forth by the District Court in its December 5, 2013, it elected not to dismiss Plaintiff's claims against Howell, Jr. without prejudice as is "ordinarily" done, because it would have "implications for the Motion to Dismiss filed by Bud Davis Cadillac and for the validity of his claims against Bud Davis Cadillac."  (Dec. 5, 2013 Order at 4-5, 7 & n.1).

On December 18, 2013, Plaintiff filed his "Motion to Amended the Record for the Defendant Robert Nelson Howell, Jr.," which the Court will construe as his Amended Complaint. Plaintiff only named as a defendant Bud Davis Cadillac and did not name Defendant Howell. Plaintiff did not file any other document within thirty days of the District Court's December 5, 2013 that could possibly be construed as attempting to bring an amended complaint against Defendant Howell. Accordingly, it is recommended that Plaintiff's Complaint against Defendant Howell be dismissed with prejudice for failure to comply with the District Court's December 5, 2013 Order.[2]

As to Bud Davis Cadillac, the District Court's December 5, 2013 Order required Plaintiff to correct the deficiencies noted therein, which were summarized as follows:

> The nature of the transaction between Bud Davis Cadillac and Howell, Jr. is not stated. Plaintiff alleges that Bud Davis Cadillac and Howell, Jr. entered into a written agreement under which Howell, Jr. became obligated to pay Plaintiff $77,762.86. Plaintiff also alleges that he purchased a bill of exchange from Howell, Jr. for value. No basis for Plaintiff's claim that Bud Davis Cadillac is liable for the sum of $77,762.86 is specified.

> Plaintiff's failure to comply with the Court's order requiring him to declare the nature of his relationship to Howell, Jr. highlights the serious problems with the complaint, as drafted, and lends credibility to the assertion of Bud Davis Cadillac that the lawsuit is specious. The uncertainty surrounding the identity of Howell, Jr. demonstrates that the complaint fails to state a viable claim against Bud Davis Cadillac.

(Dec. 5, 2013 Order at 7) (internal citations omitted).

Plaintiff's Amended Complaint sets forth, in its entirety, as follows:

> KNOW ALL MEN THESE PRESENT: That the parties agree as follows to this Security Agreement that Secured Party-Creditor, Robert-Nelson:HowellEl is the Authorized Representative for the Defendant ROBERT NELSON HOWELL JR©

---

[2] Plaintiff's references to Defendant Howell and to his relationship to Defendant Howell in the Amended Complaint do not suffice to raise any claim against Defendant Howell when he is not properly named as a Defendant.

the DEBTOR.

In consideration for secured party providing certain accommodation to DEBTOR including, but not limited to Secured Party/Creditor.

1.   Constituting the source, origin, substance, and being, ie. basis of "pre-existing claim," from which the existence of DEBTOR was derived and on the basis of which DEBTOR is able to function as a transmitting utility to conduct Commercial Activity as a conduit for the [transmission] of [goods] and service to secured party, and to interact, and exchange goods, service, obligations and liabilities with other DEBTORS, corporations, and artificial persons in commerce.

2. Signing by accommodation for DEBTOR in all cases whatsoever wherein any signature of DEBTOR is required.

3.   Issuing a binding commitment to extend credit or for the extension of immediately available credit, whether or not draw [sic] upon and whether or not a charge back is provided for in the event of difficulties in collection.

4.   Providing the security for payment of all sum due or owing by DEBTOR: and

5.   Constituting the source of the asset via the sentient existence, exercise of faculties, and labor of Secured Party, that provide the valuable consideration sufficient to support and contract which DEBTOR may execute or to which DEBTOR may be regarded as bound by any person whatsoever, DEBTOR hereby confirms that this Security Agreement is a duly executed, signed, and sealed private contract entered into knowingly, intentionally, and voluntarily by DEBTOR and Secured Party, Wherein and whereby DEBTOR:

1.   Voluntarily enters DEBTOR in the Commercial Registry:

2.   Transfers to be assigns to Secured Party a security interest in the Collateral described herein below; and

3.   Agrees to be, act, and function in law and commerce, as the unincorporated proprietary trademark of Secured Party, for exclusive and discretionary use by Secured Party in any manner that secured party, by sovereign and unalienable right, elects.

Date _____          Robert-Nelson:HowellEl
                        Authorized Representative
                        For the Defendant ROBERT
                        NELSON HOWELL JR© DEBTOR

5

(Am. Compl. at 1-3).  Plaintiff attached as exhibits to his Amended Complaint the following: (1) a document apparently created by Plaintiff titled "Debtor's Purchase Agreement Contract Was Accepted For Value in the Amount Sum of: 77,762[.]86" and signed by Plaintiff as "Authorized Representative for Robert Nelson Howell, Jr.© DEBTORS for the Trustee"; (2) a "Security Agreement" between Debtor, Robert Nelson Howell, Jr. and Secured Party, Robert Nelson HowellEl Jr. dated June 15, 2007 and signed January 20, 2008; (3) a "Commercial Notice of Trade Name"; and, (4) a "Notice of Service by Mail." (Am. Compl., Exhs. 1-3).

## II.  Proposed Analysis

Upon review, Plaintiff's Amended Complaint has not corrected any of the deficiencies set forth by the District Court in its December 5, 2013 Order.  Specifically, the Amended Complaint neither elucidates the nature of the transaction between Bud Davis Cadillac and Howell, Jr. nor sets forth any basis for  Plaintiff's claim that Bud Davis Cadillac is liable for the sum of $77,762.86. Plaintiff's other filings after the District Court's December 5, 2013 Order—both his "Affidavit of Facts Point for Point" and his Motion to Dismiss, also do not cure the deficiencies set forth by the District Court.  Additionally, the Amended Complaint contains continued uncertainty surrounding the identity of Howell, Jr., which as the District Court has stated, "lends credibility to the assertion of Bud Davis Cadillac that the lawsuit is specious."  Accordingly, it is recommended that Plaintiff's Amended Complaint against Bud Davis Cadillac be DISMISSED WITH PREJUDICE.  It is further recommended that the remaining pending motions be DENIED AS MOOT.

## III.  Conclusion

For the reasons set forth herein, it is recommended that  Plaintiff's Amended Complaint be

DISMISSED WITH PREJUDICE and that the remaining motions be DENIED AS MOOT.

**DATED** this 7th day of July, 2014.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**